UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2017 MAR 7 AM 9 53
U.S. DISTRICT COURT

IN THE MATTER OF AN APPLICATION :
OF THE UNITED STATES OF AMERICA : NO. 3:17mj 248 (SALM)
FOR AN ORDER AUTHORIZING THE :
INSTALLATION AND USE OF PEN- : **FILED UNDER SEAL**
REGISTER DEVICE OR PROCESS, THE :
INSTALLATION AND USE OF A TRAP-AND- :
TRACE DEVICE OR PROCESS, AND THE :
DISCLOSURE OF TELECOMMUNICATIONS :
RECORDS AND/OR INFORMATION : February 8, 2016

## ORDER

WHEREAS this matter has come before the Court pursuant to an application under Title 18, United States Code, Sections 2703(c) and (d), 3122, 3123 and 3124, by Douglas P. Morabito, an Assistant United States Attorney, requesting the installation and use of a pen-register device or process and a trap-and-trace device or process on a cellular telephone assigned telephone number (203) ▮▮▮▮ ("**Target Telephone 3**") and the production of certain telecommunication records and/or information (<u>not</u> including the content of communications); and

WHEREAS the Court finds, based upon the Government's application and the supporting affidavit of Special Agent Joshua Young of the Federal Bureau of Investigation ("FBI"):

a) that the applicant has certified there are reasonable grounds to believe the information likely to be obtained by the installation and use of a pen-register device or process and trap-and-trace device or process on **Target Telephone 3** is relevant to an ongoing criminal investigation by the FBI; and

b) that the application has shown specific and articulable facts indicating that there are

reasonable grounds to believe that the electronic communication records and/or information sought are relevant and material to an ongoing criminal investigation by the FBI into possible violations of Title 21, United States Code, Sections 841(a)(1) and 846 (Conspiracy to Possess with Intent to Distribute Controlled Substances) and related offenses by subjects of the investigation and others, as detailed in the supporting affidavit.

IT IS ORDERED, pursuant to 18 U.S.C. § 3123, that agents of the FBI may install and use for a period of sixty (60) days, commencing on the date and time of this Order: a pen-register device or process to record or decode dialing, routing, addressing, or signaling information, including push-to-talk (direct connect/walkie-talkie feature) calls and cell site call activations, transmitted by an instrument or facility from which a wire or electronic communication is transmitted, including numbers dialed or pulsed from **Target Telephone 3**, to record the date and time of such dialings or pulsings, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls; and a trap-and-trace device or process that captures the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information, including push-to-talk calls (direct connect/walkie-talkie feature) calls, and cell site call activations, likely to identify the sources of wire or electronic communications and to record the date, time, and duration of calls created by such incoming impulses, transmitted to **Target Telephone 3**.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(b)(2), that **<u>Verizon</u>** ("the Company"), shall furnish agents of the FBI forthwith all information, facilities and technical assistance necessary to accomplish the installation of the pen-register device or process and trap-and-trace device or process unobtrusively and with minimum interference with the services that are accorded persons with respect to whom the installation and use is to take place;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2703(c) and (d), that Sprint Corporation; Cellco Partnership d/b/a Verizon Wireless; Cingular Wireless; AT&T Wireless; SBC Communications/Southern New England Telephone Company; and/or any other wireless or hardline telecommunication company and/or any other wireless or hardline telecommunication company, including providers of Voice Over Internet Protocol ("VOIP"), (collectively, the "Service Providers") shall furnish agents of the FBI with electronic communication records and/or information, including subscriber information, billing and payment information, IMEI, ESN, IMSI, UFMI, MSID and/or SIM numbers, call detail records, including records of push-to-talk (direct connect/walkie talkie feature) calls, for a period beginning up to thirty (30) days prior to the date of the request, for the telephone numbers dialing or being dialed from **Target Telephone 3**, and running through the duration of the Court's Order;

IT IS FURTHER ORDERED, that the Company be compensated by the applicant for reasonable expenses incurred in providing technical assistance, and that the Company and Service Providers be reimbursed by the applicant for such costs as are reasonably necessary and which have been directly incurred in searching for, assembling, reproducing, or otherwise providing the records and information furnished excluding those costs associated with records and information that relate to toll records and telephone listings that are exempt pursuant to 18 U.S.C. § 2706(c);

IT IS FURTHER ORDERED that the authorization apply not only to the current telephone number of **Target Telephone 3** as referenced herein, but also to any other telephone number accessed through the above-referenced IMSI and to any other IMSIs accessed through the **Target Telephone 3** telephone number referenced herein, through the sixty (60) day period authorized by this Order.

IT IS ORDERED FURTHER that, to avoid jeopardizing the ongoing investigation and the safety of agents and cooperating sources, the Application, Affidavit, this Order, and the Order to Service Provider are hereby sealed until otherwise ordered by this Court, except that a copy of the Application, Affidavit, this Order, and the Order to Service Provider may be provided to the FBI, a copy of the Order may be provided to the Company, and a copy of the Order to Service Provider may be provided to the Company and the Service Providers;

IT IS ORDERED FURTHER that the Application, Affidavit, this Order, and the Order to Service Provider shall be remain in the possession of the United States Attorney's Office for the District of Connecticut until further order of the Court;

IT IS ORDERED FURTHER that, pursuant to 18 U.S.C. § 3123(d), to avoid prejudice to the criminal investigation, the Company and its agents and employees, and the Service Providers and their agents and employees, shall not disclose or cause a disclosure of the Order/Order to Service Provider or the request for assistance or the existence of this investigation under penalty of criminal prosecution to any person other than those of their agents and employees who require this information to accomplish the services hereby ordered, unless and until otherwise ordered by this Court. In particular, no such disclosure may be made to a lessee, telephone subscriber, or any other person, unless or until otherwise ordered by the Court; and

IT IS ALSO ORDERED that to avoid prejudice to this criminal investigation, an employee of the Company and an employee of each of the Service Providers shall maintain a list showing each person having knowledge of the Order/Order to Service Provider and/or what it authorizes as well as the date and time each person first learned of that information and by whom they learned of it.

SO ORDERED this 8th day of February, 2016 New Haven, Connecticut.

/s/ Sarah A. L. Merriam, USMJ
HONORABLE SARAH A.L. MERRIAM
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2017 MAR 7 AM 9 54

U.S. DISTRICT COURT
NEW HAVEN, CT.

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
INSTALLATION AND USE OF PEN-
REGISTER DEVICE OR PROCESS, THE
INSTALLATION AND USE OF A TRAP-AND-
TRACE DEVICE OR PROCESS, AND THE
DISCLOSURE OF TELECOMMUNICATIONS
RECORDS AND/OR INFORMATION

NO.

**FILED UNDER SEAL**

February 8, 2016

## ORDER TO SERVICE PROVIDER

This matter having come before the Court pursuant to an application under Title 18, United States Code, Sections 2703(c) and (d), 3122, 3123 and 3124 by Douglas P. Morabito, an Assistant United States Attorney, requesting the installation and use of a pen-register device or process and a trap-and-trace device or process on cellular telephones assigned telephone number (203) ▮▮▮▮ (**"Target Telephone 3"**), and the production of certain telecommunication records and/or information (<u>not</u> including the content of communications), and the Court, having entered an Order on this date granting the Government's application, orders the following:

IT IS ORDERED, pursuant to 18 U.S.C. § 3123, that agents of the FBI may install and use for a period of sixty (60) days, commencing on the date and time of this Order: a pen-register device or process to record or decode dialing, routing, addressing, or signaling information, including push-to-talk (direct connect/walkie-talkie feature) calls and cell site call activations, transmitted by an instrument or facility from which a wire or electronic communication is transmitted, including numbers dialed or pulsed from **Target Telephone 3**, to record the date and time of such dialings or pulsings, and to record the length of time the

telephone receiver in question is off the hook for incoming or outgoing calls; and a trap-and-trace device or process that captures the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information, including push-to-talk (direct connect/walkie-talkie feature) calls and cell site call activations, likely to identify the sources of wire or electronic communications and to record the date, time, and duration of calls created by such incoming impulses, transmitted to **Target Telephone 3**.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(b)(2), that **Verizon** ("the Company"), shall furnish to agents of the FBI forthwith all information, facilities and technical assistance necessary to accomplish the installation of the pen-register device or process and trap-and-trace device or process unobtrusively and with minimum interference with the services that are accorded persons with respect to whom the installation and use is to take place;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2703(c) and (d), that Sprint Corporation; T-Mobile USA, Inc.; Cellco Partnership d/b/a Verizon Wireless; Cingular Wireless; AT&T Wireless; SBC Communications/Southern New England Telephone Company; and/or any other wireless or hardline telecommunication company, including providers of Voice Over Internet Protocol ("VOIP"), (collectively, the "Service Providers") shall furnish agents of the FBI with electronic communication records and/or information, including subscriber information, billing and payment information, IMEI, ESN, IMSI, UFMI, MSID and/or SIM numbers, call detail records, including records of push-to-talk (direct connect/walkie-talkie feature) calls, for a period beginning up to thirty (30) days prior to the date of the request, for the telephone numbers dialing or being dialed from **Target Telephone 3** and running through the duration of the Court's Order;

IT IS FURTHER ORDERED, that the Company be compensated by the applicant for

reasonable expenses incurred in providing technical assistance, and that the Company and the Service Providers be reimbursed by the applicant for such costs as are reasonably necessary and which have been directly incurred in searching for, assembling, reproducing, or otherwise providing the information furnished, excluding those costs associated with records and information that relate to toll records and telephone listings that are exempt pursuant to 18 U.S.C. § 2706(c);

IT IS FURTHER ORDERED, that the authorization apply not only to the current telephone number of **Target Telephone 3** as referenced herein, but also to any other IMSIs accessed through the **Target Telephone 3** telephone number referenced herein, through the sixty (60) day period authorized by this Order.

IT IS FURTHER ORDERED that this Order to Service Provider is sealed, except that copies of this Order to Service Provider may be provided to the FBI and served on the Company and the Service Providers;

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3123(d), to avoid prejudice to the criminal investigation, the Company and its agents and employees, and the Service Providers and their agents and employees, shall not disclose or cause a disclosure of the Order/Order to Service Provider or the request for assistance or the existence of this investigation under penalty of criminal prosecution to any person other than those of their agents and employees who require this information to accomplish the services hereby ordered, unless and until otherwise ordered by this Court. In particular, no such disclosure may be made to a lessee, telephone subscriber, or any other person, unless or until otherwise ordered by the Court; and

IT IS ALSO ORDERED that to avoid prejudice to a criminal investigation, an employee of the Company and an employee of each of the Service Providers shall maintain a list showing

each person having knowledge of the Order/Order to Service Provider and/or what it authorizes as well as the date and time each person first learned of that information and by whom they learned of it.

SO ORDERED this 8th day of February, 2016 at New Haven, Connecticut.

/s/ Sarah A. L. Merriam, USMJ
HONORABLE SARAH A.L. MERRIAM
UNITED STATES MAGISTRATE JUDGE